Ernest JONES, Appellant,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Appellee.

No. 87–1456.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1988.

Decided March 10, 1988.

---

Timothy C. Harlan, Columbia, Mo., for appellant.

Judith M. Strong, Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

The sole issue on appeal in this case is whether the Secretary erred in applying the Medical–Vocational Guidelines found in Appendix 2 to Subpart P of Part 404, 20 C.F.R. § 200.00 *et seq.* (guidelines) when determining that Ernest Jones is not disabled within the meaning of the Social Security Act.

A long statement of facts and procedural history of this case is not necessary; a brief summary will suffice. Jones' application for disability benefits received consideration and reconsideration, but ultimately was denied. Thereafter he was granted a hearing before an Administrative Law Judge (ALJ) and the following findings were made:

2. The medical evidence establishes that the claimant has severe impairments of chest pain secondary to coronary artery spasms, atypical depression, and a generalized anxiety disorder, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

3. The claimant's complaints of shortness of breath, weakness, chest pain, headaches, coughing spells, insomnia, arm and shoulder pain, memory loss, and suicidal thoughts are not supported by the medical and other evidence and are not credible in sofaras [sic] they alleg-

edly prevent sedentary work which is not highly stressful.

4. The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for prolonged standing and walking and lifting more than 10 pounds, which are exertional limitations; and a non-exertional limitation in that the claimant is limited to work that is not highly stressful. (20 CFR 416.945).

\*     \*     \*     \*     \*     \*

10. Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, section 416.969 of Regulations No. 16 and Rule 201.19, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled".

11. The claimant's capacity for the full range of sedentary work has not been significantly compromised by his additional nonexertional limitation. Accordingly, using the above-cited rules as a framework for decisionmaking, the claimant is not disabled.

After the Appeals Council denied review, Jones appealed to the United States District Court for the Western District of Missouri. The district court found that the decision of the ALJ, as adopted by the Secretary, was supported by substantial evidence and accordingly, affirmed the denial of benefits.

On appeal Jones argues that the guidelines should not have been applied because the ALJ found that he had nonexertional impairments. We agree.

This circuit has held that the guidelines should not be applied in cases where nonexertional impairments have been established. *See, e.g., Kirksey v. Heckler,* 808 F.2d 690, 692–93 (8th Cir.1987); *McCoy v. Schweiker,* 683 F.2d 1138, 1148 (8th Cir. 1982) (en banc). *But see Tucker v. Heckler,* 776 F.2d 793, 795 (8th Cir.1985) (if nonexertional impairment does not diminish exertional capacity, a vocational expert need not be called.). In the present case the ALJ applied the guidelines to Jones' exertional impairments and then deter-

mined without aid of a vocational expert that Jones' residual functional capacity was not "significantly compromised by his additional nonexertional limitation." This method of analysis, however, is inconsistent with the settled law of this circuit. In *Bradshaw v. Heckler*, 810 F.2d 786, 790 (8th Cir.1987) this court stated:

> The appropriate evaluation is for the ALJ to determine the claimant's residual functional capacity apart from the nonexertional limitations. After making findings as to the claimant's age, education, and previous work experience, * * * the ALJ must present them as well as any findings he makes pertaining to allegations of pain to a vocational expert in the form of a hypothetical question. The question must state with precision the physical and mental impairments of the claimant. * * * From the expert's testimony, the ALJ can determine whether jobs exist in the national economy that claimant is capable of performing * * * *

(Citations omitted).

■ We are also troubled by the ALJ's finding number three regarding Jones' complaints of "shortness of breath, weakness, chest pain," etc. ... The ALJ found these complaints not credible "in sofaras [sic] they allegedly prevent sedentary work which is not highly stressful." To be sure, an ALJ has discretion in making credibility determinations, but in this case an ambiguous finding of credibility is inappropriate. We are not certain whether this credibility finding relates to the witnesses veracity or whether assuming the complaints are genuine claimant's ability to find gainful employment would not be hindered. On remand, the ALJ must present his findings as to Jones' complaints to a vocational expert. The expert will give his opinion on whether the complaints if credible will affect Jones' ability to find gainful employment. Whether the complaints are credible is a decision for the ALJ, but whether they will prevent Jones from working requires expert testimony. If they are not credible, the hypothetical question posed to the vocational expert should contain no reference to them. If the allegations are credible, however, the hypothetical question should reflect that finding.

For these reasons we reverse and remand to the district court with instructions to remand to the Secretary for a rehearing consistent with this opinion.