Mary E. THOMPSON, Appellant,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Appellee.

No. 87–1730.

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1988.

Decided June 20, 1988.

Wayne R. Brewster, St. Louis, Mo., for appellant.

Eric Tolen, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, and HENLEY, Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

Mary Thompson was denied social security disability benefits on initial determination and again on reconsideration. A hearing before an Administrative Law Judge (ALJ) was conducted in November 1985 and Thompson produced evidence of nonexertional impairments. The Secretary did not present any vocational expert testimony at the hearing and the ALJ denied benefits. The case was referred to a United States Magistrate for recommended disposition. The magistrate concluded that the ALJ erred in referring to the Medical–Vocational Guidelines found in Appendix 2 to Subpart P of Part 404, 20 C.F.R. §§ 404.-1501 *et seq.* (Guidelines) to direct a conclusion that Thompson was not disabled without considering the significance of Thompson's nonexertional impairments. The district court declined to follow the magistrate's recommendations and granted the Secretary's motion for summary judgment and denied Thompson's cross-motion for summary judgment. Thompson now appeals to this court and we reverse and remand.

## I. BACKGROUND

Thompson is fifty-four years old, 5' 10″ tall, and weighs 225 pounds. Her past work experience includes working as a barmaid and a nurse's aide. In 1983 while lifting a patient Thompson injured her back and has not worked since.

At her hearing Thompson complained of pain and numerous physical limitations in her daily life. She is treated for arthritis and a back condition on a weekly basis. Several of the physicians who treated Thompson and conducted consultative examinations felt that she was unable to return to work.

The ALJ determined that Thompson was unable to return to her past relevant work. Thus, the burden shifted to the Secretary to show that Thompson was able to engage in work in the national economy. *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (*en banc*). The ALJ discredited Thompson's subjective complaints of pain and found them to be exaggerated, relying almost exclusively on the opinion of a consulting physician, Dr. Koreckij. The ALJ did not attempt to reconcile Dr. Koreckij's opinion with the opinions of Thompson's treating physician and other consulting physicians who agreed that Thompson has objective as well as subjective evidence of pain as a result of her impairments. Every physician who examined Thompson has agreed that she suffers from pain in her back, the only disagreement among the physicians is whether the pain is as severe as Thompson claims. Even so, no physician considered Thompson's pain to be merely a mild or an immaterial impediment to her performance of work related activities.

After discrediting Thompson's subjective complaints of pain, the ALJ referred to the Medical–Vocational Guidelines and determined that Thompson was not disabled. The ALJ also concluded that Thompson's nonexertional impairments did not preclude her from engaging in a full range of light work.

## II. DISCUSSION

 We reverse the order of the district court because we believe that the

ALJ's decision denying benefits is not based on substantial evidence in the record. The record is devoid of a legitimate basis for the ALJ's credibility determination concerning Thompson's subjective complaints, thus he clearly erred in discounting Thompson's reports of pain, without giving reasons to support that conclusion. We recognize that it is proper for the ALJ to make credibility determinations. However, for effective appellate review the record should demonstrate the validity of the credibility determination or state reasons for the credibility determination where there is substantial conflicting evidence in the record. Discounting Thompson's pain necessarily led the ALJ to erroneously use the Medical–Vocational Guidelines. *Simonson v. Schweiker*, 699 F.2d 426, 430 (8th Cir.1983). In addition, this court has recognized that generally "the report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Hancock v. Secretary of Dept. of Health, Education and Welfare*, 603 F.2d 739, 740 (8th Cir.1979). Substantial weight should be given to a treating physician's opinion. *Turpin v. Bowen*, 813 F.2d 165, 170 (8th Cir.1987). We believe that the ALJ's sole reliance on the opinion of the consulting physician which contradicted the opinion of Thompson's own treating physician is not based on substantial evidence.

■ We have reviewed this court's prior decisions concerning the affect of nonexertional impairments when a claimant suffers from a combination of nonexertional and exertional limitations. In *Tucker v. Heckler*, 776 F.2d 793 (8th Cir.1985) this court stated:

> If, however, the claimant suffers from a combination of exertional and nonexertional impairments and the Guidelines indicate that he or she is not entitled to a finding of disability based solely on exertional impairments, the ALJ must then consider the extent to which the claimant's work capability is further diminished by his or her nonexertional impairments. * * * Where the claimant's relevant characteristics differ in any material respect from those characteristics contemplated by the Guidelines, the Guidelines may not be applied. * * * Instead, the Secretary must produce expert vocational testimony or other similar evidence to establish that there are jobs available in the national economy for a person with the claimant's characteristics. *Id.* at 795–96 (citations omitted).

Thus, if the ALJ determines that a claimant's nonexertional limitations do not affect the claimant's residual functional capacity then the ALJ may rely on the Guidelines to direct a conclusion of either disabled or not disabled without resorting to vocational expert testimony.

In *Jones v. Bowen*, 841 F.2d 849, 850 (8th Cir.1988) (per curiam) it was stated that "[t]his circuit has held that the guidelines should not be applied in cases where nonexertional impairments have been established." Read literally this statement suggests that when a nonexertional impairment has been established then it is error to rely on the Guidelines to direct a conclusion of disabled or not disabled regardless of the significance of the nonexertional impairment on the claimant's residual functional capacity. This statement is too broad and incorrectly states the law in this circuit. The law in this circuit has been succinctly stated in the above quote from Chief Judge Lay's opinion in *Tucker*. In addition, *Tucker* finds support in this court's *en banc* decision in *McCoy v. Schweiker*, 683 F.2d 1138, 1146–48 (8th Cir. 1982) (*en banc*). Therefore, to the extent that *Jones* or any other case of this circuit is inconsistent with *McCoy* and *Tucker* it is not to be followed. Stated briefly, under the principles announced in *McCoy* and *Tucker* the law in this circuit provides that an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full

range of activities listed in the Guidelines.[1]

 We remand for a reevaluation of Thompson's subjective complaints of pain, giving due regard to the opinion of Thompson's treating physician. If on remand Thompson's subjective complaints are found to be credible, even if not to the extent that she alleges, then the ALJ should determine whether Thompson's nonexertional impairments affect her residual functional capacity in any significant way which would preclude her from engaging in the exertional tasks contemplated in the Guidelines. *Tucker v. Heckler*, 776 F.2d at 795. Thus Thompson's nonexertional impairments are to be considered in combination with her exertional limitations in determining her residual functional capacity. If Thompson's nonexertional impairments significantly affect her residual functional capacity then the Guidelines are not controlling and may not be used to direct a conclusion of disabled or not disabled. We recognize that this presents a difficult question of degree and therefore we believe that additional guidance is warranted. In this context "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled. For example, an isolated headache or temporary disability will not preclude the use of the Guidelines whereas persistent migraine headaches may be sufficient to require more than the Guidelines to sustain the Secretary's burden. However, in such circumstances the Guidelines may be used as a guide if supplemented with vocational expert testimony or other evidence in the record which meets the Secretary's burden of showing that there exists work in the national economy that Thompson is capable of performing. Finally, it appears that the ALJ failed to consider Thompson's obesity. While obesity is not a per se impairment, on remand, the ALJ should consider Thompson's obesity as an impairment that may affect her disability status. *Stone v. Harris*, 657 F.2d 210 (8th Cir.1981).

## III. CONCLUSION

Accordingly the decision of the district court is reversed and remanded with instructions to remand to the Secretary for a rehearing consistent with this opinion.

---

1. This statement of the law is approved and adopted by the court *en banc.*