Barbara **MARSHALL**, Appellant,

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

No. 88–1692.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1989.

Decided March 17, 1989.

---

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Karen J. Sharp, Dallas, Tex., for appellee.

---

4. *Cole v. Commissioner,* 53 T.C.M. (CCH) 753,    755 (1987).

Before BOWMAN and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Barbara Marshall appeals from the district court's order affirming the decision of the Secretary of Health and Human Services (Secretary) denying Marshall's application for Supplemental Security Income benefits. We reverse and remand the case to the district court with directions to remand to the Secretary for further proceedings.

Marshall filed her application for SSI benefits in January 1986 alleging disability attributable to a hysterectomy, arthritis, and nerves. Marshall's application was denied initially and upon reconsideration. An administrative law judge (ALJ) held a hearing September 15, 1986, at which Marshall appeared with counsel. At the time of the hearing, Marshall was forty-seven years old. She had attended high school at the eleventh grade level, and had no previous work experience outside the home.

Marshall underwent a hysterectomy in August 1985. Marshall's physician reported that he treated Marshall for migraine headaches and degenerative arthritis in October 1985. On two occasions in December 1985 the physician refilled Marshall's prescription for Fiorinal [1] based on complaints of migraine headaches. From October 1985 to June 1986 Marshall was treated as an outpatient at a community mental health center for depression resulting from her medical, financial, and family problems. Marshall was given Surmontil and Xanax. [2]

A physician who treated Marshall in April 1986 reported that he gave her a trigger point injection for pain and that Marshall suffered from migraine headaches. In that same month Marshall sought medical treatment from a clinic for pain in her neck, shoulder, and head. A social security consulting psychologist reported in March 1986 that Marshall appeared "able to work in low-stress settings, if physical demands [were] slight."

At the hearing, Marshall testified that her daily activities were limited by migraine headaches and pain in her back, neck, left leg, right arm, shoulder, and hand. She stated that her pain does not allow her to sleep very well; often does not permit her to do any housework; allows her to stand only for ten minutes; forces her to wash her hair standing in the shower as she cannot bend her neck; limits her ability to walk very far; and makes it difficult to hold objects in her hands. Marshall testified that she takes cortisone shots, Extra Strength Tylenol, Arthritis Strength Bufferin, and a prescription drug, Dolobid, [3] for pain. She testified that she is unable to pay for her Xanax, other pain medication, or medical attention.

The ALJ found that Marshall had recovered from her hysterectomy, and that while Marshall had some loss of movement in the lordotic curve of her spine, she had full motion elsewhere. The ALJ found that Marshall's depression was limited to one major episode which had subsequently improved resulting in Marshall not having a disabling depression for a continuous twelve-month period.

The ALJ noted that because Marshall had never been engaged in substantial gainful activity, the burden was upon the Secretary to show that Marshall was capable of doing work in the national economy. The ALJ discounted Marshall's subjective allegations of disabling pain, and found Marshall's residual functional capacity for the full range of light and medium work [4]

---

1. Fiorinal and Fiorinal with codeine are muscle relaxants used for the relief of muscle spasms and headaches. 41 *Physicians' Desk Reference* 1775–76 (1987).

2. Surmontil is an antidepressant with anxiety-reducing components; Xanax is used for short-term relief of anxiety. *Id.* at 2199–220, 2070–71.

3. Dolobid is a non-narcotic analgesic drug used for the treatment of mild to moderate pain and rheumatoid arthritis. *Id.* at 1282–83.

4. Light work requires a good deal of walking or standing with pushing and pulling of leg or arm controls. 20 C.F.R. § 404.1567(b) (1988). Medium work includes light work and is also defined as lifting no more than fifty pounds at a time with frequent lifting or carrying of objects

had not been reduced by her nonexertional limitations. The ALJ accordingly referred to the Guidelines for medium work which directed a determination of not disabled.

In her request for review to the Appeals Council, Marshall submitted additional medical records and information. In a March 1987 letter Marshall's physician stated that he had treated Marshall in November 1986 for complaints of pain in her neck, back, and head with a prescription for Fiorinal and a trigger point injection containing steroids. The physician considered Marshall's pain "definitely debilitating" to Marshall. In April and December 1986 another physician treated Marshall for migraine headaches and on one occasion prescribed Fiorinal for Marshall's pain. A report from another physician dated March 1987 states that Marshall suffers from disabling physical pain attributable to her arthritis which is relieved by Dolobid, but that Marshall's finances prevent her from regular use of the drug. This physician also found that Marshall had a painful gait, walked with difficulty and with a limp, and experienced moderate weakness of grip. A March 1987 neuropsychiatric report diagnosed Marshall as having a mixed personality disorder with dependent and passive aggressive features, chronic headaches and musculoskeletal pain and concluded that Marshall "seemed capable of maintaining adequate attendance for a low-stress job."

The Appeals Council denied Marshall's request for review and Marshall sought judicial review. The district court concluded that the ALJ's findings concerning Marshall's subjective complaints of pain and depression were sufficiently explicit and that the ALJ's credibility determination was supported by substantial evidence. Thus the court concluded the use of the Guidelines was not precluded. This appeal followed.

The Guidelines may be relied upon only if the ALJ finds, and the record supports the finding, that a claimant's "nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in weighing up to twenty-five pounds. *Id.*

the Guidelines." *Thompson v. Bowen,* 850 F.2d 346, 349–50 (8th Cir.1988) (footnote omitted).

The social security consulting psychologist and Marshall's own psychiatrist agreed that Marshall's depression and chronic anxiety limited her to performance of low-stress jobs. The Secretary, however, failed to take into consideration Marshall's intolerance to stress in assessing Marshall's ability to perform work activity. We believe this failure constituted error. *See Gunnels v. Bowen,* 867 F.2d 1121, 1124 (8th Cir.1989) (ALJ improperly failed to consider claimant's reactions to stress on claimant's ability to work); *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (claimant must have ability to perform on a daily basis in competitive, stressful conditions for guidelines to be applicable); *Thompson v. Bowen,* 850 F.2d at 350 ("persistent migraine headaches may be sufficient to require more than the Guidelines to sustain the Secretary's burden"). Furthermore, the record contains no evidence concerning Marshall's ability to lift fifty pounds and frequently lift and carry twenty-five pounds as required for medium work as used in the Guidelines.

We conclude, based upon review of the entire record, that a remand is warranted for testimony of a vocational expert who can realistically appraise available work that can be performed by a person with Marshall's limitations. *See Talbott v. Bowen,* 821 F.2d 511, 515 (8th Cir.1987). Upon remand the expert should be asked whether a significant number of jobs exists in the national economy for a forty-nine year-old female with no prior work experience, who suffers from migraine headaches, shoulder pain, depression, and chronic anxiety. *See Simonson v. Schweiker,* 699 F.2d 426, 430 (8th Cir.1983) (hypothetical question to vocational expert must "precisely set out the claimant's particular physical and mental impairments").

We note that should the Secretary find Marshall disabled, it is reasonable to expect Marshall to seek rehabilitation or a job § 404.1567(c).

training program in an effort to overcome her disabilities. *See Atkinson v. Bowen,* 864 F.2d 67, 70 (8th Cir.1988) (benefits can be decreased or suspended if claimant refuses to accept available rehabilitation services without good reason).

Accordingly, we reverse and remand with instructions to remand the case to the Secretary for further proceedings in accordance with this opinion.