39 F.3d 1181
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Freida FRITTS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-5083.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Plaintiff Fritts appeals a summary judgment affirming the Secretary's decision to deny Supplemental Security Income benefits under the Social Security Act. The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On March 13, 1993, Freida Fritts applied for Supplemental Security Income benefits based on a combination of disabling conditions. Her physical complaints include, inter alia, obesity, glaucoma, respiratory problems, pain and diabetes. Fritts's application was denied initially, again on reconsideration and, finally, after a hearing before an administrative law judge (ALJ). This resolution became the final decision of the Secretary following the Appeals Council's denial of Fritts's request for review.
 
 
 4
 In 1993, Fritts sought review of the Secretary's decision in the district court pursuant to 42 U.S.C. Sec. 405. The government responded and the district court ultimately entered summary judgment for the Secretary. This appeal followed and the parties have briefed the issues through counsel.
 
 
 5
 The standard of review that applies to Fritts's case was articulated by this court in Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir.1989) (per curiam):
 
 
 6
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 7
 Id. at 681 (citations omitted). If supported by substantial evidence, the Secretary's decision must be affirmed, even if a reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam), and even if the claimant's position is also supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc). Thus, this court will affirm the Secretary's decision to deny benefits if there is substantial evidence supporting the finding that Fritts was not disabled by her obesity, either standing alone or in combination with her respiratory impairment.
 
 
 8
 Although Fritts complains of a number of physical impairments, the focus of her appeal is on her obesity. The Secretary conducts the following five-step sequential analysis to determine if an individual is disabled within the meaning of the Social Security Act.
 
 
 9
 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
 
 
 10
 2. An individual who does not have a severe impairment will not be found to be disabled.
 
 
 11
 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
 
 
 12
 4. An individual who can perform work that he or she has done in the past will not be found to be disabled.
 
 
 13
 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.
 
 
 14
 Further review is not necessary if it can be determined that an individual is or is not disabled at any point in the analysis. 20 C.F.R. 404.1520 and 416.920.
 
 
 15
 Fritts's counsel contend she is so grossly overweight as to be disabled, contrary to the ALJ's findings. The ALJ found that Fritts was 31 years old and was 5 feet, 1 1/2 inches tall (61 1/2 inches). She testified that she weighed 258 pounds at the time of the hearing before the ALJ. The instant appeal thus has as its focus the Secretary's determination that Fritts did not satisfy the third step of the above analysis, that is, that her obesity was not disabling within the definition of that condition in Appendix 1 of Subpart P of the regulations.
 
 
 16
 Although obesity is not per se disabling, it can support a finding of disability in certain circumstances. Johnson v. Secretary of Health and Human Servs. 794 F.2d 1106, 1113 (6th Cir.1986). Those circumstances are codified at 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 10.10, and consist of a combination "maximum weight for height" chart and a list of other physical impairments. This regulation requires the claimant to be over the maximum weight for her height and to have one of the accompanying conditions; obesity by itself is not defined as a disabling condition.
 
 
 17
 Counsel for Fritts assert on appeal that Fritts's obesity was a disabling condition standing alone and in combination with her impaired respiratory function. In support of their first contention, counsel cite to a passage purportedly from the Programs Operations Manual System of the Social Security Administration. The passage is denominated as "DI T24515.0001E" and is said to direct that "[i]n cases involving obesity, documentation of weight which exceeds by at least 10% the weight specified in Listing 10.10 [Subpart P, Appendix 1] alone will support a finding of equivalency, as long as the other evidence in the claims folder supports an allowance." Counsel for Fritts has not cited any authority to this court in which the import of the preceding passage has been discussed.
 
 
 18
 The short reply to this first assertion is that the claim must fail. The sequential analysis does not require by its terms that any deference is due to a passage from a Social Security Manual, assuming the accuracy of the quote. The analysis does specifically refer to the impairments listed in Subpart P, Appendix 1. Obesity alone is clearly not recognized in that section of the regulations as per se disabling. Thompson v. Bowen, 850 F.2d 346, 350 (8th Cir.1988).
 
 
 19
 Counsel for Fritts also contends that the combination of Fritts's obesity and a chronic respiratory ailment render her disabled. The Secretary did not dispute the existence of a respiratory problem but held that it did not result in Fritts being disabled. There is substantial evidence in the record to support the Secretary's conclusion.
 
 
 20
 As noted above, obesity may be a disabling condition when combined with other specified impairments. The impairment relevant to this appeal is a respiratory disease. 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 10.10E provides that a claimant will be found to be disabled if obese and having a
 
 
 21
 [r]espiratory disease with total forced vital capacity equal to or less than 2.0 L. or a level of hypoxemia at rest equal to or less than the values specified in Table III-A or III-B or III-C.
 
 
 22
 The record reflects that claimant Fritts has a respiratory disease, asthma, and a pre-medication forced vital capacity (FVC) of 1.97L. Admin. R. 185. The record also reflects, however, that Fritts's post-medication (bronchodilator) performance improved 28%, or 2.51L. Admin. R. 180, 190. This court has indicated previously that post-bronchodilator function is relevant and may be considered in evaluating a claimed respiratory disease disability. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir.1987) (per curiam). The record contains substantial evidence to support the Secretary's decision to deny benefits.
 
 
 23
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio, sitting by designation