57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gregory TURNER, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES,
Defendant-Appellee.
 No. 94-6202.
(D.C. No. CIV-93-93-P)
 United States Court of Appeals, Tenth Circuit.
 June 7, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals from the district court's affirmance of the decision of the Secretary denying his application for disability benefits. Plaintiff argues that the Administrative Law Judge (ALJ) erred in determining he could perform his past relevant work. Additionally, plaintiff argues that there is not substantial evidence in the record showing that he can perform any other work. Although we agree that plaintiff cannot perform his past work, we remand for further proceedings to determine whether plaintiff can perform other work.
 
 
 4
 At the time of the administrative hearing, plaintiff alleged disability due to back and hearing problems and mild mental retardation. He was thirty-seven years old and had past relevant work experience as a forklift operator, stacker operator, and general laborer. Although he had a twelfth-grade education, he tested at the fifth-grade level for math and a less than third-grade level for reading and spelling.[2] The ALJ determined plaintiff suffered from severe impairments, but was not disabled. He ruled that plaintiff could perform a wide range of medium, light, or sedentary work that did not require understanding, remembering, or carrying out complex instructions. Determining plaintiff's past relevant work as a forklift operator fit within these limitations, the ALJ concluded plaintiff could perform this past work and denied disability benefits.
 
 
 5
 The Appeals Council upheld the ruling of the ALJ, making it the final decision of the Secretary. Plaintiff sought judicial review in the district court, and the parties consented to assignment of the case to the magistrate judge, who affirmed the decision of the Secretary. This appeal followed.
 
 
 6
 We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). Because "[s]ubstantiality of evidence must be based upon the record taken as a whole," Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir.1983), we must "meticulously examine the record," id. at 414, to determine whether the evidence in support of the Secretary's decision is substantial and "take into account whatever in the record fairly detracts from its weight," Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir.1984). " 'Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.' " Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984) (quoting Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir.1983)).
 
 
 7
 Washington v. Shalala, 37 F.3d 1437, 1439-40 (10th Cir.1994).
 
 
 8
 A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). He is disabled if his physical and mental impairments, considered in combination, preclude him from doing his previous work, as well as other "substantial gainful work which exists in the national economy." Id. at 423(d)(2).
 
 
 9
 Plaintiff first argues that the ALJ erred in determining that he could perform his past relevant work as a forklift driver. This work required lifting up to twenty-five pounds frequently and significant standing, walking, and bending. Plaintiff contends he met his burden of establishing that he cannot return to his past work, see Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir.1990), because he proved that severe back pain precluded him from performing as required.
 
 
 10
 Although the ALJ recognized plaintiff suffered from some pain, the ALJ determined plaintiff's complaints were not supported by the evidence. In making this determination, but without discussing the evidence, the ALJ stated that he considered all of the doctors' reports, third-party reports, and plaintiff's daily activities, functional restrictions, treatment for pain, and medications. Also, the ALJ observed that plaintiff suffered from no apparent pain during the administrative hearing. We disagree with the ALJ's determination that plaintiff's complaints of pain are not credible and conclude that the pain does preclude him from performing his past work.
 
 
 11
 At the hearing before the ALJ, plaintiff testified he cannot focus, concentrate, or relax when the back pain is intense. He becomes depressed. Because pain medication causes stomach problems, he admitted that he rarely takes it. Also, he testified that the pain remains even if he takes medication. Other parts of the administrative record disclose that plaintiff spends ninety percent of his day in bed; does limited walking and standing; and avoids lifting, bending, walking, or sitting for long periods of time due to pain. He indicated he can walk no more than two miles, sit no more than two hours, and lift no greater than ten pounds. For activities, he watches TV and once or twice a week reads the newspaper.
 
 
 12
 The medical evidence establishes that plaintiff had back surgery in February 1990 after he injured his back at work digging ditches. Although Dr. Tate, plaintiff's surgeon and treating physician, released plaintiff to return to work on June 1, 1990, he had reservations whether plaintiff could do the work without accommodations for prolonged bending, lifting, and stooping. Dr. Tate recognized that plaintiff's educational background likely precluded successful employment cross-training. Dr. Tate consistently acknowledged that plaintiff suffered from pain. After performing an MRI on December 19, 1990, Dr. Tate reported that plaintiff's back was stable but he suffers from residual back pain and limited motion in his back. Dr. Tate concluded that plaintiff has an eighteen percent permanent partial impairment. Sixteen months after surgery, Dr. Tate reported that plaintiff still had back pain, limited forward flexion, and a "failed back syndrome."
 
 
 13
 Dr. Chumley, D.O., who released plaintiff from his care on September 19, 1990, recognized plaintiff still had pain upon movement. He estimated that plaintiff has forty-four percent permanent partial disability. Due to plaintiff's work and educational history, lack of transferable skills, and his physical disability, Dr. Chumley stated plaintiff was permanently totally disabled.
 
 
 14
 The medical evidence and pain testimony are not inconsistent. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990). Unless there is good cause for rejecting a treating doctor's opinion, the Secretary must give substantial weight to the opinion. Washington, 37 F.3d at 1440; see Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir.1994)(opinion given controlling weight if supported by clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence). A doctor's opinion that a plaintiff is not totally physically disabled does not draw into question the plaintiff's credibility regarding pain or contradict his statements of pain. Kreie v. Bowen, 656 F.Supp. 765, 770 (D. Kan.1987).
 
 
 15
 Apparently, the ALJ rejected the doctors' opinions based on his observations that plaintiff looked "quite normal" and sat without "apparent pain" during the hearing and that he moved his arms and legs normally and did not appear to have problems rising from his chair. The ALJ, however, observed plaintiff for only ten minutes during the hearing. Cf. Torres v. Bowen, 700 F.Supp. 1306, 1315 (S.D.N.Y.1988) (ALJ's observation that plaintiff sat through hearing without pain entitled to limited weight because observation that of a lay person and hearing lasted less than thirty minutes). Furthermore, others who observed plaintiff for greater periods of time did observe pain. The Secretary's consulting psychologist, Dr. Hassell, who administered an IQ test, noted that although plaintiff was cooperative and energetic during testing, it appeared that his back pain and hearing impairment occasionally distracted the testing process. He further noted that plaintiff needed pain reduction for his chronic back pain. Also, LDH Consultants, employment rehabilitation consultants, noted that plaintiff had difficulty completing a generic job application due to physical pain, discomfort, and inability to concentrate. He took breaks while completing the application to relieve pain. Also, facial perspiration was noted.
 
 
 16
 Because the record corroborated plaintiff's pain as genuine, the ALJ improperly rejected plaintiff's assertions of pain, apparently on the basis of demeanor alone. See Teter v. Heckler, 775 F.2d 1104, 1106 (10th Cir.1985); see also Kreie, 656 F.Supp. at 769 (extensive reliance on observations of pain discouraged; ALJ must cite other evidence for denying claim of pain).
 
 
 17
 Also, the ALJ made a factual determination that plaintiff could perform his past work, which was medium work, because he could lift and carry, including overhead pulling, fifty pounds "at least" occasionally and twenty-five pounds frequently. See 20 C.F.R. 404.1567(c). There is no support for this finding. See Marshall v. Bowen, 871 F.2d 68, 70 (8th Cir.1989)(no evidence in record plaintiff could meet lifting requirements for medium work). The consulting Social Security doctors who examined plaintiff's medical records determined plaintiff could lift only twenty pounds occasionally and ten pounds frequently. Additionally, upon denial of plaintiff's initial request for disability benefits and reconsideration, the Secretary determined plaintiff could not perform his past work. Accordingly, we conclude the ALJ erred in determining plaintiff could perform his past work.
 
 
 18
 Because he contends the record supports his argument that he cannot perform his past work, and we agree, plaintiff argues that the ALJ should have shifted the burden to the government to demonstrate whether there were jobs in the national economy that he could perform. See Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992). Maintaining there are no such jobs, plaintiff contends that the Secretary should have found him disabled.
 
 
 19
 The ALJ determined plaintiff suffered from a severe nonexertional impairment of mild mental retardation. See Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir.1991). Plaintiff has an IQ of 73,[3] only three points higher than an IQ which satisfies the listings. See 20 C.F.R. pt. 404, subpt. P, app. 1, 12.05C (requiring IQ between 60 and 70 inclusive and physical or other mental impairment imposing additional and significant work-related limitation).
 
 
 20
 When the listing requirements for mental disorders are not met, but the impairment is nonetheless severe, "[t]he determination of mental [residual functional capacity] is crucial to evaluation of an individual's capacity to engage in substantial gainful work activity." [20 C.F.R. pt. 404, subpt. P, app. 1,] 12.00A. And when, as here, both exertional and nonexertional impairments diminish a claimant's residual functional capacity, "the Secretary must produce expert vocational testimony or other similar evidence to establish the existence of jobs in the national economy." Hargis, 945 F.2d at 1491.
 
 
 21
 Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 619 (10th Cir.1995); see Cockerham v. Sullivan, 895 F.2d 492, 496 (8th Cir.1990)("A claimant whose alleged impairment is an I.Q. of 70-79 inclusive has alleged a severe impairment and may be considered disabled after consideration of vocational factors.").
 
 
 22
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED. This action is REMANDED to the district court with instructions to remand to defendant for further proceedings to assess the type of work, if any, that plaintiff can perform.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 If the numerical grade level does not represent the claimant's actual educational abilities, the actual educational abilities must be considered. 20 C.F.R. 404.1564(b)
 
 
 [3]
 Dr. Hassell speculated the score could be impacted by plaintiff's hearing disability