# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4116

_____

Curtis Vincent,                                             *
                                                            *
            Appellant,                                      *
                                                            *
      v.                                                    *   Appeal from the United States
                                                            *   District Court for the
Kenneth S. Apfel, Commissioner,                             *   Eastern District of Arkansas
Social Security Administration,                             *
                                                            *
            Appellee.                                       *

_____

Submitted:  May 14, 2001

Filed:  August 30, 2001

_____

Before McMILLIAN and  BOWMAN, Circuit Judges, and BOGUE,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

Curtis Vincent appeals from the final judgment entered in the District Court for the Eastern District of Arkansas, affirming the Commissioner's decision to deny his application for supplemental security income.  For reversal, Vincent argues the denial of benefits is not supported by substantial evidence because the administrative law judge (ALJ) erred in concluding that his mental impairment (paranoid schizophrenia)

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

was not of listing-level severity and that he could return to his past relevant work. For the reasons discussed below, we reverse and remand.

Vincent alleged disability since March 1991. At a hearing before the ALJ, Vincent testified that he hears voices and has visions, and regularly takes pscyhotropic medication to function. Following the hearing, the ALJ found that, although Vincent's schizophrenia was severe, it was not of listing-level severity based on his regular counseling, medication, and daily activities, and on a consulting psychologist's opinion that his symptoms were well-controlled and his schizophrenia was in remission. The ALJ thus concluded that Vincent had the residual functional capacity (RFC) to perform his past work as a gardener or meat cutter.

We review the ALJ's findings to determine if they are supported by substantial evidence in the record as a whole, i.e., evidence that a reasonable mind would find adequate to support the conclusion. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). The ALJ must apply a sequential analysis to determine if a claimant is disabled, specifically, whether the claimant is not currently working and has a severe impairment; whether this impairment meets or equals a listed impairment; if not, whether the impairment prevents the claimant from returning to his past relevant work; and if so, whether the impairment prevents the claimant from performing other work in light of his age, education, and past work experience. See 20 C.F.R. § 416.920 (2000).

We conclude substantial evidence in the record supports the ALJ's finding that Vincent's mental impairment does not equal the listed impairment of a schizophrenic disorder under either listing 12.03A and B, or listing 12.03C. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.03 (2000).

We cannot say, however, that substantial evidence supports the ALJ's finding that Vincent can return to his past relevant work. First, Vincent's past work as a

gardener and meat cutter may not qualify as substantial gainful activity (SGA), and thus may not be "relevant." See 20 C.F.R. § 416.965(a) (2000) (to be relevant, past work must have been done within last 15 years, lasted long enough for claimant to learn to do it, and been SGA). The record indicates that Vincent never earned more than $80 a month working as a gardener, and that he earned no more than an average of $28 a month in 1985 as a meat cutter. Although he earned $1,283 in 1984 and reported working as a meat cutter for four months that year, it is unclear whether his entire 1984 earnings should be attributed to his four months of meat-cutter work. See 20 C.F.R. § 416.974(b)(2) (2000) (to be SGA, earnings must average more than $300 per month); Anderson v. Heckler, 726 F.2d 455, 457 (8th Cir. 1984) (claimant's earnings should be averaged over only months worked).

Second, the ALJ's psychiatric review technique form's findings--that Vincent had no restrictions in daily activities, had no difficulties in maintaining social functioning, never had deficiencies in concentration, persistence, or pace, and had no episodes of deterioration or decompensation--are inconsistent with the findings of Drs. Brad Williams, Dan Donahue, and Kathryn Gale--that Vincent had a slight restriction in daily activities, had either slight or moderate difficulty in maintaining social functioning, often had deficiencies in concentration, persistence, or pace, and had either no, 1 or 2, or repeated episodes of deterioration or decompensation. Moreover, the ALJ's RFC findings--that Vincent suffered no mental limitations because his occasional depression was related to his parental status and because the one-time consultative psychologist, Dr. Charles Spellmann, had found his schizophrenia was in remission and controlled by medication--are inconsistent with Vincent's extensive treatment records, which show that he recently had complained of side-effects from his medication, regularly hallucinated, and tended to isolate himself, and that he would remain in treatment indefinitely. See Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998) (opinion of consulting physician who examines claimant once or not at all does not generally constitute substantial evidence, especially when it is contradicted by treating physicians' opinions which are supported by clinical data); Dreste v. Heckler, 741 F.2d

224, 226 n.2 (8th Cir. 1984) (per curiam) (period of remission in psychotic illness does not mean disability has ceased).

Third, the ALJ made no explicit findings as to the mental demands of Vincent's past work. The ALJ simply cited the Dictionary of Occupational Titles to show the physical demands of a meat cutter and gardener, and failed to describe the mental demands of these jobs and determine how Vincent's mental limitations affected his RFC. See Pfitzner v. Apfel, 169 F.3d 566, 568-69 (8th Cir. 1999) (where ALJ merely recounted most of relevant medical evidence and described claimant's RFC in only general terms, ALJ failed specifically to set forth claimant's physical and mental limitations and determine how those limitations affected claimant's RFC). Also, we believe the ALJ should have called a vocational expert (VE) to testify about how Vincent's schizophrenia affected his RFC, given the ALJ's finding that the impairment was severe and a non-testifying VE's opinion that Vincent could not return to his past work. See Wheeler v. Sullivan, 888 F.2d 1233, 1238 (8th Cir. 1989) (if claimant suffers from severe mental impairment but not listed impairment and claimant cannot return to past relevant work, ALJ must use VE testimony or other similar evidence to show jobs exist that claimant can perform); cf. Lucy v. Chater, 113 F.3d 905, 909 (8th Cir. 1997) (even if claimant's borderline intellectual functioning was not of listing-level severity, claimant was entitled to have VE consider this condition along with his other impairments to determine how it impacts upon his RFC).

Accordingly, we reverse the district court's opinion and remand with instructions for the district court to remand the case to the Commissioner for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.