# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1081

_____

LELAND L. THOMPSON,                        *
                                           *
            Appellant,                     *
                                           *   Appeal from the United States
      v.                                   *   District Court for the Eastern
                                           *   District of Arkansas.
MICHAEL J. ASTRUE[1],                      *
Commissioner, Social Security             *
Administration,                            *   [UNPUBLISHED]
                                           *
            Appellee.                      *

_____

Submitted: February 15, 2007
Filed: February 28, 2007

_____

Before RILEY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Appellant, Leland L. Thompson, appeals the district court's[2] judgment affirming the decision of the Social Security Commissioner denying his application for benefits under Title II of the Social Security Act. We affirm.

_____

[1]Michael J. Astrue has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[2]Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

## I.

Thompson applied for Disability Insurance Benefits on June 18, 2002, alleging an onset date of January 4, 2002. On April 14, 2002, the administrative law judge ("ALJ") issued the final decision of the Commissioner of the Social Security Administration ("Commissioner"). Thompson appealed the denial of benefits to the district court. The district court affirmed the findings of the Commissioner. From that decision, Thompson appeals.

## II.

At the time of the ALJ's decision, Thompson was 39 years old and had a high school education. He had past relevant work as a carpenter, cable assembler, welder, warehouse worker and landscaper. Thompson alleged disability due to seizure disorder and degenerative joint disease of his left knee. At steps one and two of the sequential analysis, the ALJ found that Thompson performed no substantial gainful activity after his alleged onset date and that his impairments were severe. At the third step, the ALJ determined that his impairments did not meet or equal any listed impairment. At step four of the sequential analysis, the ALJ determined that he had the residual functional capacity to perform a full range of sedentary work, thus he could not perform his past relevant work. At step five of the sequential analysis, the ALJ determined Thompson was not disabled based on the medical-vocational guidelines, because there are other jobs available in substantial numbers in the national economy, which Thompson could perform based on his age, education and residual functional capacity. The district court agreed and affirmed the Commissioner's final decision.

III.

On appeal, Thompson argues that the ALJ erred by: 1) finding claimant's credibility was not supported by substantial evidence; 2) failing to provide a consultative mental evaluation; 3) failing to obtain vocational expert testimony; 4) failing to give appropriate weight to claimant's subjective complaints; 5) failing to consider or properly discount the opinion of his treating physician; and, 6) failing to evaluate the combined effect of all of his impairments.

IV.

We reject Thompson's challenge to the ALJ's credibility determination, because the determination was based on valid reasons. See Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) ("If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination.") Testimony provided at the administrative hearing differed significantly from Thompson's reports to physicians on important issues such as the frequency and extent of his seizure activity. He reported to physicians that he was responding to seizure medications, yet he and his wife testified that his seizures continued almost daily, despite the medications. Likewise, his treating neurologist, Dr. Clara Applegate, noted that he and his wife "seem to have a lot of investment in his illness and his symptoms." At the administrative hearing, it was alleged that his seizures involve biting his tongue, but the medical notes specifically note that he did not report biting his tongue during his seizures. Based on the inconsistencies in the record, we defer to the ALJ's credibility determination.

We are not persuaded by Thompson's argument that the ALJ erred in failing to provide a consultative mental evaluation. It is well settled that the ALJ's duty to fully and fairly develop the record includes the responsibility of ensuring that the record

includes evidence addressing the alleged impairments at issue from either a treating or examining physician. Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000) (holding that it was improper for an ALJ to rely on the opinions of reviewing physicians alone). In this case, there is substantial evidence in the record from physicians who examined and treated Thompson. While Thompson alleged depression at his administrative hearing, he did not claim depression as a disabling impairment in his application. Further, Thompson failed to allege that he was unable to work due to depression. It is noteworthy that Thompson's treating neurologist, Dr. Applegate, was aware of his alleged depression, but did not consider his depression to be an immediate concern and did not prescribe any anti-depressant medications. Likewise, the record, which includes treatment notes from Dr. Applegate and normal EEG test results, contains sufficient evidence with respect to Thompson's allegations of seizure disorder. Despite the frequency of seizure activity alleged at the administrative hearing, the medical evidence establishes that Thompson reported to physicians that he experienced decreased seizure activity with the use of medications. On one occasion, Dr. Applegate noted that, although Thompson reported break-through seizure activity while on Zonegran and Dilantin, such break-through seizure activity was very unusual with the daily dosage of his prescribed medications. On the same date, Dr. Applegate observed that Thompson and his wife were heavily invested in his illness and symptoms. In light of Dr. Applegate's treatment records, the absence of a consultative mental evaluation does not undermine the ALJ's decision and findings with respect to Thompson's application for disability. Accordingly, we conclude that the record does not support the assertion that the ALJ erred by failing to obtain a consultative evaluation.

Nor can we agree with Thompson's assertion that the ALJ erred in failing to obtain the testimony of a vocational expert. Thompson argues that the ALJ erred in relying on the Medical-Vocational Guidelines at step five of the sequential analysis due to his alleged nonexertional impairments of obesity and pain. Although Thompson's obesity was noted by the ALJ, Thompson did not allege that his obesity

was a disabling impairment. Thompson's weight fluctuated from the time of his knee surgery until the time of the hearing. When he was following the prescribed exercise regimen and going to physical therapy, he lost a significant number of pounds. He reported a weight loss of 70 pounds a year after his knee surgery. At the time of hearing, he reported that he weighed 320 pounds and was 5'8" tall. However, he did not allege that his weight interfered with his ability to work.

Although Thompson alleged that his pain interfered with his ability to work, the ALJ conducted the proper analysis with respect to his nonexertional impairments and concluded that his pain would not interfere with his ability to perform the full range of sedentary work. Polaski v. Heckler, 739 F.2d 1320, 1321-22 (8th Cir. 1984) (subsequent history omitted). While the ALJ recognized that Thompson's postural limitations of climbing, balancing, crouching, crawling or kneeling existed, he found that those nonexertional limitations did not significantly erode Thompson's sedentary occupational base. Because Thompson suffered from exertional and nonexertional impairments and the exertional impairments alone did not warrant a finding of disability, the ALJ properly considered the extent his nonexertional impairments diminish his work capacity. See Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988). If Thompson's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. See id. "[A]n ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." Lucy v. Chater, 113 F.3d 905, 908 (8th Cir. 1997) (quoting Thompson, 850 F.2d at 349-50.) Here, the ALJ's finding that Thompson's nonexertional impairments did not limit his occupational base for sedentary work is supported. Sedentary work not only accommodates Thompson's allegations of pain,

said work also accommodates his obesity and postural limitations because it involves minimal standing and lifting and may be performed primarily from a seated position. Therefore, the ALJ did not err in relying on the Medical-Vocational Guidelines.

We also reject Thompson's argument with respect to the opinion of his treating physician. While an ALJ's failure to consider or discuss a treating physician's opinion that a claimant is disabled is error when the record contains no contradictory medical opinion, Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998), an ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000). A treating physician's opinion is due "controlling weight" if that opinion is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Id. at 1012-13 (quoting 20 C.F.R. § 404.1527(d)(2) 2000). "Although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as whole." Hogan v. Apfel, 239 F.3d 958, 961 (8th Cir. 2001).

Thompson relies on Dr. James Bryan's single page work status report dated January 21, 2003. Said report contains a series of typed classifications of work restriction options for the physician to circle. Dr. Bryan circled "Class V". Class V is defined as "Severe limitations - incapable of secretarial activities. NO work at this time." However, Dr. Bryan did not explain why he circled the particular classification, and this is inconsistent with all of Dr. Bryan's previous indications as to the level of restriction he placed on Thompson. On January 13, 2003, Dr. Bryan indicated that Thompson's limitation was a "Class IV" indicating he was "capable of clerical, sedentary type activities" with "NO lifting greater than 10 pounds" and "NO bending, stooping or twisting." The record contains no treatment notes from Dr. Bryan after the year 2001, yet he indicated that Thompson could not work in 2003.

There is no evidence of treatment to correspond with the opinion. Therefore, there is no evidence of record to explain why Dr. Bryan suddenly reversed his opinion without explanation.  Such an unsupported physician opinion is not controlling on the ALJ.

Finally, Thompson's assertion that the ALJ failed to consider his alleged impairments in the combination is not supported by the record.  The ALJ discussed Thompson's impairments individually and specifically found that his "medically determinable impairments (individually or in combination)" do not meet or medically equal the listed impairments.  Such analysis is sufficient.  Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992).

V.

Accordingly, we affirm the judgment of the district court.

———————