# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1863

_____

Joy King,

        Appellant,

v.

Michael J. Astrue, Commissioner
of Social Security,

        Appellee.

    \*
    \*
    \*
    \* Appeal from the United States
    \* District Court for the Eastern
    \* District of Missouri.
    \*
    \*
    \*
    \*

_____

Submitted: December 12, 2008
Filed: April 28, 2009

_____

Before LOKEN, Chief Judge, BEAM, Circuit Judge, and KYLE,[1] District Judge.

_____

BEAM, Circuit Judge.

Joy King appeals the district court's order affirming the Commissioner's decision to deny Social Security disability benefits. King contests the residual functional capacity (RFC) determination and the Administrative Law Judge's (ALJ) use of the Medical-Vocational Guidelines (the grids) in coming to its ultimate conclusion that she is not disabled.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

The ALJ found that King was not disabled at Step 5 of our familiar five-step process[2] for evaluating social security disability claims, finding that although King had a severe mental impairment and could not perform her past relevant work, she had the RFC for the full range of light, unskilled jobs which exist in significant numbers in the national economy. In so doing, the ALJ relied upon the grids as opposed to taking testimony from a Vocational Expert (VE). The Commissioner argues that the ALJ is permitted to do so based on the rationale in Ellis v. Barnhart, 392 F.3d 988 (8th Cir. 2005). In Ellis we held that the ALJ may rely upon the grids in a case involving a non-exertional impairment if the ALJ correctly finds that the non-exertional impairment did not significantly diminish the claimant's RFC to perform the full range of activities listed in the grids. Id. at 996. See also Thompson v. Bowen, 850 F.2d 346, 349-50 (8th Cir. 1988). In both Ellis and Thompson, the non-exertional impairment at issue was pain.

Here, the non-exertional impairment is a severe mental impairment, and in Wheeler v. Sullivan, 888 F.2d 1233, 1238 (8th Cir. 1989), we held that where a claimant had a severe mental impairment and could not return to her past relevant work, it was inappropriate for the agency to rely upon the grids to meet its burden at step five. With regard to the argument the Commissioner currently makes, we held:

> We reject the Secretary's suggestion that the use of the Guidelines approved in Thompson is appropriate in the case of a claimant with a severe mental impairment. Thompson involved a claimant who

---

[2]The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment is or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Hepp v. Astrue, 511 F.3d 798, 803 n.4 (8th Cir. 2008). Through step four of this analysis, the claimant has the burden of showing that she is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform. Snead v. Barnhart, 360 F.3d 834, 836 (8th Cir. 2004).

allegedly suffered from disabling pain. Our decision in that case reflects the fact that a claimant with a sound mind can work despite pain (millions of people do every day), unless the pain is disabling. Objective tests of physical ability, reflected in the Guidelines, may resolve the issue of whether the claimant is disabled by reason of pain. A claimant with a severe mental impairment, however, may be incapable of holding any job, even if the claimant's body is sound and his or her physical ability unimpaired by pain or any other limiting condition. As we read Thompson, it does not apply to claimants who, like Wheeler, have been found to have a severe mental impairment, and we distinguish Thompson from the present case on that basis.

Id. at 1238-39. See also Vincent v. Apfel, 264 F.3d 767, 769-70 (8th Cir. 2001) (remanding for further proceedings and noting that VE testimony was required due to claimant's severe mental impairment). Although Wheeler was not cited by the parties in this appeal, we find that it is squarely on point and binding precedential authority. And we can find no case in our circuit sanctioning the Commissioner's use of the grids at step five, as opposed to VE testimony, in a case involving a severe mental non-exertional impairment.

Accordingly, we reverse the district court's opinion and remand the case to the ALJ for proceedings consistent with this opinion.

LOKEN, Chief Judge, dissenting.

I respectfully dissent. For social security disability purposes, severe mental impairments are nonexertional limitations. See 20 C.F.R. § 404.1569a(a), (c). Unlike nonexertional limitations that are predominantly subjective, such as pain, many categories of severe mental impairment are listed in 20 C.F.R. pt. 404, subpt. P, app. 1, and their medical severity is evaluated at step three of the Commissioner's five-step evaluation process. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520a. This evaluation of disability on the basis of mental disorders is a complex task. See 20 C.F.R. pt. 404,

subpt. P, app. 1, § 12.00. In this case, the ALJ carefully completed the evaluation and found that Joy King's "major depressive disorder or bipolar affective disorder is a 'severe' mental impairment [that] does not meet the criterial for any of the listed mental impairments, including Listing 12.02 for organic mental disorder and 12.04 for affective (mood) disorders." That finding is not at issue on appeal.

When a severe mental impairment does not meet the criteria for a listed impairment at step three, its impact on the claimant's ability to work is considered in determining the claimant's "residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(c). The Medical-Vocational Guidelines are a set of rules that direct whether the claimant is or is not disabled "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule." 20 C.F.R. pt. 404, subpt. P., app. 2, § 200.00(a). If a mental impairment affects the claimant's ability to meet job demands other than strength, the Guidelines are not directly applied but "provide a framework to guide our decision." 20 C.F.R. § 404.1569a(d). In this case, the ALJ conducted precisely that analysis, concluding his lengthy opinion with the following findings:

> 12. The claimant has the residual functional capacity to perform substantially all of the full range of light work (20 CFR §§ 404.1567 and 416.967).

> 13. Based on an exertional capacity for light work, and the claimant's age, education, and work experience, Medical Vocational Rule 202.21, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

> 14. The claimant's capacity for light work is substantially intact *and has not been compromised by any nonexertional limitations.* Accordingly, *using the above-cited rules as a framework for decision-making,* the claimant is not disabled. (Emphasis added.)

Writing for a unanimous panel, Judge Floyd R. Gibson explained in <u>Thompson v. Bowen</u>, 850 F.3d 346, 349-50 (8th Cir. 1988), that, while use of the exertion-oriented Guidelines is often inappropriate if the claimant suffers from a severe nonexertional impairment, "the law in this circuit provides that an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." The ALJ made that finding in this case and then explicitly used the Guidelines as a "framework for decision-making," as the regulations provide. The district court concluded that substantial evidence in the administrative record supported that finding and affirmed. On appeal, King argues that the rule in <u>Thompson</u> has been misapplied on the facts of this case.

The court never addresses this fact-intensive issue. Instead, it adopts as controlling precedent dicta in <u>Wheeler v. Sullivan</u>, 888 F.2d 1233, 1239 (8th Cir. 1989), declaring that the rule in <u>Thompson</u> "does not apply" when the nonexertional limitation is a "severe mental impairment." I strongly disagree.

This sweeping declaration was not essential to the decision in <u>Wheeler</u>, where we reversed because the ALJ's finding that the claimant could perform her past relevant work "[was] not supported by substantial evidence on the record as a whole." 888 F.2d at 1238. Though we cited <u>Wheeler</u> in <u>Vincent v. Apfel</u>, 264 F.3d 767, 769 (8th Cir. 2001), we reversed because the ALJ in finding that Vincent can return to his past relevant work "made no explicit findings as to the mental demands of Vincent's past work." Significantly, <u>Wheeler</u> was not even cited in <u>Lucy v. Chater</u>, 113 F.3d 905, 908 (8th Cir. 1997), where, applying <u>Thompson</u>, we reversed because the ALJ made inconsistent findings regarding the impact of claimant's borderline intellectual functioning on his capacity to perform the full range of sedentary work. I have no quarrel with these fact-based decisions. My dissent is from the court's refusal to look at the facts so thoroughly analyzed by the ALJ and by the district court, and its

reliance on a categorical principle that is at odds with the Commissioner's regulations and with the vast majority of prior Eighth Circuit decisions addressing this issue. <u>See, e.g.</u>, <u>Ellis v. Barnhart</u>, 392 F.3d 988, 996 (8th Cir. 2005). I urge future panels to treat this decision, and the dicta in <u>Wheeler</u> on which it relies, as outliers rather than as controlling precedent.

I would affirm for the reasons stated in the district court's thorough opinion.

_____