Willie SPENCER, Appellant,

v.

Otis R. BOWEN,* Secretary of Health and Human Services, Appellee.

No. 83-2593.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1985.

Remanded Aug. 8, 1985.

Resubmitted March 25, 1986.

Decided July 29, 1986.

---

* Secretary Bowen is substituted as appellee pur-     suant to Fed.R.App.P. 43(c).

Francis H. Kennedy, Jr., Manchester, Mo., for appellant.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

HEANEY, Circuit Judge.

Willie Spencer appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri affirming a denial of disability insurance benefits under 42 U.S.C. § 401 *et seq.* (1982) (Title II). For reversal appellant argues that (1) the decision of the Secretary of the Department of Health and Human Services (Secretary) that he was not disabled prior to the end of his insured status in June 1978 is not supported by substantial evidence on the record as a whole and (2) the administrative law judge (ALJ) improperly relied upon the medical-vocational guidelines (grid) in determining that he was not disabled. For the reasons discussed below, we reverse and remand with directions to award benefits as of June 30, 1978.

On October 15, 1979, appellant filed applications for disability insurance benefits under Title II and for Supplemental Security Income (SSI) benefits under 42 U.S.C. § 1381 *et seq.* (1982). At the time of his applications, appellant was twenty-six years old and had completed twelve grades of formal education. He was 5'9" in height and weighed 113 pounds in February 1978. Appellant had previously worked as a janitor, a cook and a press operator in a metal scrap business. He last worked in May 1976; he was fired in 1976 because he was unable to work as a result of swelling in his knees.

Appellant's applications were initially denied on November 14, 1979. Upon reconsideration on February 1, 1980, the claim for SSI benefits was again denied. No reconsideration was requested on the Title II claim. Pursuant to a request by appellant, a hearing was held on July 6, 1980, at which appellant and his attorney appeared. The ALJ considered the Title II claim jointly with the SSI claim.

On November 25, 1980, the ALJ found that appellant was not disabled during any period in which he met the earnings requirements and thus was not entitled to disability insurance benefits under Title II or to SSI benefits. On May 4, 1981, the Appeals Council reversed the ALJ's decision on appellant's claim for SSI benefits and found appellant to have been disabled as of February 28, 1980, as a result of his ankylosing spondylitis (spinal arthritis). The Appeals Council further concluded, however, that appellant was not under a disability on or before June 30, 1978, when appellant last met the earnings requirement for Title II benefits.

On July 6, 1981, appellant filed suit in district court and the case was referred to a magistrate. Following cross-motions for summary judgment, the magistrate recommended remanding the case on the grounds that the ALJ's use of the grid was improper and that testimony of a vocational expert should have been used. On April 27, 1982, the district court adopted the recommendation and remanded the case to the Secretary.

Shortly thereafter, in June 1982, this court upheld the general validity and use of the grid in *McCoy v. Schweiker,* 683 F.2d 1138, 1148–49 (8th Cir.1982) (banc). On July 30, 1982, the Appeals Council reaffirmed the ALJ's decision and found that appellant was not under a disability at any time on or before June 30, 1978. Both parties then filed supplemental motions and memoranda for summary judgment in the district court. On June 30, 1983, the magistrate recommended that the Secretary's motion for summary judgment be granted. On September 30, 1983, the district court adopted the magistrate's recommendation and this appeal followed.

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

By motion filed April 11, 1984, appellant requested that this court remand the case to the district court because of an incomplete administrative record. Nine exhibits considered by the ALJ were not included in the record on appeal. The Secretary argued, however, that the missing exhibits did not relate to the substantive medical evidence and that the record was sufficient for appellate review. Appellant argued that at least one exhibit, Exhibit 7, a 1978 state disability determination, referred to 1978 medical reports by Dr. H.E. Bizer and Dr. Morton A. Binder. On April 19, 1984, this court denied appellant's motion to remand without prejudice to appellant to supplement the record after the case had been argued.

During oral argument on January 16, 1985, appellant again indicated that certain medical records necessary for a determination of his disability claim were not a part of the administrative record. The court requested that appellant submit these records to the court. By letter dated July 3, 1985, appellant's counsel submitted a May 1976 hospital record from Christian Welfare Hospital in East St. Louis, Illinois, and a February 8, 1978, Illinois Disability Determination Services Medical Questionnaire completed by Dr. H.E. Bizer. Subsequently, by letter dated July 25, 1985, appellant's counsel submitted a March 1978 medical report from Dr. Morton A. Binder; the Illinois Division of Vocational Rehabilitation Disability Determination Services had requested that Dr. Binder perform the examination.

Because the administrative record indicated that the medical reports were not available to the ALJ or the Appeals Council, this court remanded the case to give the Secretary an opportunity to review the evidence. The Secretary on remand was to give explicit consideration on the record to all the relevant evidence and was to indicate the weight attributed to the evidence. This court retained jurisdiction of the appeal.

It is agreed that Willie Spencer will never work again. Indeed, the Secretary concedes that he was permanently and totally disabled as of February 28, 1980, and has continued in that status until this date. The sole question is whether he was disabled some nineteen months earlier, on June 30, 1978. For it was on that date that his insured status ended.

██ This record permits only one answer. Willie Spencer, an undernourished young black man, with a twelfth-grade education, an impaired intellect, degenerative disease of both knees, the lumbar spine, and other joints, and sickle cell trait, was not able to engage in any work be it light or sedentary on June 30, 1978, and the decision of the Secretary to the contrary should not be sustained.[2]

---

**2.** We note the following errors of law by the ALJ:

(1) The Secretary conceded at the initial hearing that Spencer couldn't return to any of his former jobs as a janitor, a chicken cook, or a press operator. With this concession, the burden shifted to the Secretary to establish, by a preponderance of the evidence, that there was sedentary work available in the national economy that Spencer could perform in his disabled condition. *Marshall v. Heckler*, 731 F.2d 555, 556 (8th Cir.1984), *Simonson v. Schweiker*, 699 F.2d 426, 428 (8th Cir.1983); *Tennant v. Schweiker*, 682 F.2d 707, 710 (8th Cir.1982); *Martin v. Harris*, 666 F.2d 1153, 1155 (8th Cir. 1981).

(2) When this matter initially came before the district court, it remanded to the Secretary to take the testimony of a vocational expert. The Secretary, citing *McCoy v. Schweiker*, 683 F.2d 1138 (8th Cir.1982) (*en banc*), which was decided after the remand, decided that vocational testimony was unnecessary, and returned the matter to the district court. The district court agreed with the Secretary. Both misread this Court's *en banc* opinion in *McCoy*. In that case, we made it clear that:

[T]he Guidelines themselves state that the "grid" is not to be used unless a claimant fits one of the combinations of statutory criteria (RFC, age, education, and work experience) set out in the Rules of the three Tables at the end of Subpart P.

\* \* \* \* \* \*

5. RFC is defined wholly in terms of the physical ability to perform certain exertional tasks. If a claimant has a nonexertional impairment, the Guidelines and grid are not controlling and cannot be used to direct a conclusion of disabled or not disabled without regard to other evidence, such as vocational testimony. \* \* \*

### The Medical Testimony

As of May 18, 1976, Spencer was diagnosed as having sickle cell trait, rheumatioid arthritis, *chronic severe painful knee joints,* and increased plasma cells in the bone marrow. As of that early date the lumbar spine *was straightened with complete loss of normal lordotic curvature.* This diagnosis was essentially confirmed on August 16, 1976, and again on February 8, 1978.

A March, 1978, physical examination report described Spencer as a frightened man of limited intellect, 69 inches tall, and weighing only 121 pounds. Again, both knees were found to be abnormal with pain if flexed beyond 20°, and flexion impossible beyond 30°. This report was confirmed in a December 23, 1977, medical report.

On October 30, 1979, Dr. Harold Byer specifically found that Spencer was unable to work because of the condition of his spine and knees; conditions described in the same terms that they were in May of 1976. And, on March 4, 1980, Dr. Barry Sampson filed a report that confirmed the earlier findings. All medical reports indicated that Spencer suffered pain as a result of his disabilities.

### Spencer's Testimony

Willie Spencer testified that he had pain nearly every day in his knees, back and other joints and that he could not do sedentary work (sit for six hours in an eight hour work day, lift up to ten pounds, and walk or stand two to three hours during the work day). The ALJ refused to credit his testimony, giving as a reason that Spencer applied for and received unemployment compensation benefits in 1976, and that to do so he had to state that he was able to work.

■ In our view, it was an abuse of discretion to discredit the substance of Spencer's testimony. His complaints of pain are fully supported by the medical reports, the objective findings, and by the regime of medication that he followed from 1976 through 1980. Moreover, his statements, with respect to his eligibility for unemployment compensation benefits, while facially inconsistent with his claim, are fully understandable. In 1976, he was terminated by the Finer Metal Company because he was unable to perform the work of a press operator due to his physical disabilities. His claim for workmen's compensation benefits was denied by the company. He then filed for unemployment compensation benefits, which were granted and continued into 1977. Meanwhile, he tried simultaneously to find work and to obtain social security disability benefits. These facts cannot support a finding of lack of credibility. Willie Spencer's father appeared at the evidentiary hearing and agreed to testify, but the ALJ said that his testimony was unnecessary because the father told the ALJ he would confirm his son's testimony. If the ALJ had doubts as to the extent of Willie Spencer's pain or his ability to stand, walk, and sit, he should have used the opportunity to examine Spencer's father.

In our view, the medical and non-medical testimony summarized above permits only one conclusion. Willie Spencer is entitled to be awarded disability benefits effective as of June, 1978.

This matter is reversed and remanded with directions to award benefits as of June 30, 1978.

■

*McCoy,* 683 F.2d at 1146–48.
Moreover, there is unrefuted evidence in the record that Spencer is intellectually impaired (another nonexertional impairment), and this is an element that must be considered by a vocational expert. *See Reinhart, Jr. v. Secretary of Health and Human Services,* 733 F.2d 571 (8th Cir.1984).