No. 95-3491

Joseph Evans,                          *
                                       *
              Appellant,               *
                                       * Appeal from the United States
     v.                                * District Court for the
                                       * Eastern District of Arkansas.
Shirley S. Chater,                     *
Commissioner, Social Security          *
Administration,                        *
                                       *
              Appellee.                *

Submitted:  March 13, 1996

Filed:  May 30, 1996

Before MORRIS SHEPPARD ARNOLD, FLOYD R. GIBSON, and HEANEY, Circuit
    Judges.

HEANEY, Circuit Judge.

     Joseph Evans, a black male born November 17, 1955, has a high school
equivalency and prior work experience as a truck driver.  He was hit by a
truck in May 1982 and suffered severe injuries to his right lower back and
hip.  He was treated for this injury, and in 1984, he returned to work as
a truck driver for three years.  He has not worked since that time.

     In January 1992, Evans filed a claim for Social Security disability
insurance and Supplemental Security Income (SSI) benefits, alleging an
inability to work beginning April 15, 1989.  He contended that he was
disabled due to chronic, lower back pain, arthritis, uncontrolled
hypertension, chest pain, headaches, and depression.  His claim was denied
initially and on reconsideration.

A hearing was held before an administrative law judge (ALJ) on August 26, 1993. The ALJ found that Evans was unable to perform his past work as a truck driver, but that he could perform a full range of sedentary work. The Appeals Council affirmed the ALJ's decision. Evans sought review in the district court, which denied relief. He now appeals from that decision.

We hold that substantial evidence in the record as a whole supports the ALJ's decision that Evans was able to perform sedentary work at least until September 30, 1991, the date on which he last qualified for disability-insured status. We have doubts, however, as to whether he remained able to perform sedentary work after that date. We thus remand to the district court with directions to remand to the Secretary for a determination of whether, after Septener 30, 1991, Evans became eligible for SSI benefits under 42 U.S.C. § 1382.

The record, including Evans' medical history, supports the ALJ's determination that Evans was not disabled within the meaning of Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383d as a result of his 1982 accident. Indeed, Evans returned to work as a truck driver and continued in that occupation until 1987. Beginning in 1990, however, Evans' physical condition deteriorated significantly. Since then, he has been in and out of the hospital numerous times for high blood pressure and related complications. In May 1990, Evans was hospitalized with chest pain and an elevated blood pressure of 200/150. Thallium stress tests revealed no evidence of stress-induced ischemia (a deficiency of blood supply to the heart) and other cardiac tests were essentially negative. He was discharged with directions to lose weight, to exercise, and to take medication to control his blood pressure. His condition continued to deteriorate after that date.

Evans was hospitalized again on January 26, 1992, with chest pains and accelerated hypertension (200/140). He was not taking

2

any medication at the time and he was treated for high blood pressure, back problems, pain, and obesity. He complained of headaches during the four-day hospitalization and his discharge diagnosis included "uncontrolled hypertension with headache." Tr. 437. He continued to have elevated blood pressure after his release: on June 16, 1992, his blood pressure fluctuated greatly from 140/98 in the morning to 220/140 that evening; on July 1, 1992, it was 220/124; and on August 8, 1992, he suffered from both hypertension and congestive heart failure.

Evans was again hospitalized on May 25, 1993 with a blood pressure of 160/130 and weighing 300 pounds. He was discharged after his blood pressure reportedly responded to medication. On July 6, 1993, however, an internal medicine specialist hospitalized Evans because of increasing angina and blood pressure that was not controlled by increased medication. This condition continued, including a week-long hospitalization in August 1993 for malignant hypertension, documented coronary atherosclerosis, and angina pectoris. On October 11, 1993, Evans underwent angioplasty and was discharged from the hospital five days later.

Evans was readmitted on December 22, 1993 for chest pain, atherosclerotic heart disease, hypertension, and glucose intolerance. After an adjustment in his medication, Evans was discharged only to be readmitted on January 24, 1994, again for hypertension and atherosclerotic heart disease.

It must be noted that because the hearing before the ALJ was held on August 26, 1993, the ALJ did not consider Evans' medical history after that date. The Appeals Council, on the other hand, considered the subsequent history, but it determined that it did not affect the ALJ's finding of no disability. We question the Appeals Council's decision.

3

The record reveals that Evans now suffers, and has suffered for some time, from significant nonexertional impairments: hypertension, obesity, pain, and atherosclerotic heart disease. Thus, the question is whether these impairments at any time after September 30, 1991 became severe enough to have prevented Evans from performing the full range of activities listed in the Medical-Vocational Guidelines found in Appendix 2 to Subpart P of Part 404, 20 C.F.R. §§ 404.1501-1599 ("Guidelines"). The Guidelines can be used to determine disability, provided that the nonexertional impairments do not significantly diminish the claimant's residual capacity to perform the activities listed in them. Reed v. Sullivan, 988 F.2d 812, 816 (8th Cir. 1993); Thompson v. Bowen, 850 F.2d 346, 349-50 (8th Cir. 1988). Here, however, where there is substantial evidence as to significant nonexertional limitations during the period in question, the Guidelines are not applicable.

Rather, on remand a vocational expert should be called and asked a proper hypothetical question detailing Evans' medical and activity history from September 30, 1991 to the present. O'Leary v. Schweiker, 710 F.2d 1334, 1343 (8th Cir. 1983) (hypothetical must precisely set out all of the claimant's impairments); Cole v. Harris, 641 F.2d 613, 615-16 (expert must focus on individual complainant's capacity to work). The expert should be requested to give an opinion as to whether, in light of his nonexertional impairments, Evans was able to perform any jobs in the local or national economy on a full-time basis from September 30, 1991 through the date of the Appeals Council's decision. Easter v. Bowen, 867 F.2d 1128, 1130 (8th Cir. 1989) (claimant must be able to perform the requisite physical acts on a full-time basis in a sometimes competitive and stressful environment of the working world); McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir. 1982) (same). On remand, the Secretary and the claimant should be permitted to present current medical reports of treating or consulting doctors.

4

We therefore reverse the district court's denial of relief and remand to the district court with directions to remand to the Secretary for disposition consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.