**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 1 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

HAROLD DEAN BURNS,

Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

Defendant-Appellee.

No. 97-2323
(D.C. No. CIV-96-891-JC)
(D. N.M.)

ORDER AND JUDGMENT[**]

Before **PORFILIO**, **BARRETT**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]      Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

[**]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Harold Dean Burns filed a claim for social security disability and supplemental security income benefits on October 26, 1993, alleging a disability beginning on October 23, 1992, due to obesity, shortness of breath, hypertension, loss of movement, and pain.  After a hearing, an administrative law judge (ALJ) denied plaintiff's claim at step five of the evaluation sequence.  See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).  The ALJ decided that plaintiff could not return to any of his past work, but nevertheless retained the residual functional capacity (RFC) to perform sedentary work without any significant nonexertional limitations.  Relying on the medical-vocational guidelines (the "grids"), 20 C.F.R. pt. 404, subpt. P, app. 2, the ALJ concluded that plaintiff was not disabled.  The Appeals Council denied review, making the ALJ's decision the final agency decision.  Plaintiff then brought this suit.  The district court adopted the magistrate judge's recommendation that the agency's decision be affirmed.  Plaintiff appeals.  We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

On appeal, plaintiff asserts that:  (1) the ALJ erred in finding that his multiple impairments do not meet or equal in severity the listing for obesity set forth in 20 C.F.R. pt. 404, subpt. P, app. 1, § 9.09; (2) the district court erred in

concluding that he waived, by not raising it in his request for review to the Appeals Council, his claim that his obesity, shortness of breath, hypertension, and loss of movement constitute nonexertional impairments that should have precluded the ALJ from relying on the grids to find that he is not disabled; and (3) the ALJ improperly disregarded the opinions of plaintiff's treating physician, Dr. Hoffman, and tests performed at the direction of Dr. Hoffman. We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

Plaintiff's second issue has merit--our rule that issues not raised to the Appeals Council are waived on judicial review is not retroactive. See James v. Chater, 96 F.3d 1341, 1343-44 (10th Cir. 1996). Plaintiff made his request for review to the Appeals Council on November 8, 1995, before James was decided. See II Appellant's App. at 6. The district court therefore erred in adopting the magistrate judge's recommendation that plaintiff had waived any issues under James. Defendant's argument that plaintiff's issue is waived under other established law is misplaced because the cases it cited deal with exhaustion of

administrative remedies by waiting (or not waiting) for a final agency decision. Plaintiff's claim proceeded to a final decision by the Social Security Administration.

In the alternative to waiver, the magistrate judge recommended that plaintiff's issue lacked merit because the ALJ did not rely on the grids conclusively, but used them only as a framework for decision-making. See I Appellant's App. at 46. This alternative holding is faulty for two reasons. First, the ALJ in fact applied the grids mechanically after finding that plaintiff's nonexertional limitations were insignificant. See II Appellant's App. at 12, 14. (The ALJ did not specify what nonexertional limitations he meant.) Second, to use the grids as a framework for decision-making means that the claimant was found to be unable to perform the full range of work in a given RFC category, and that the ALJ called a vocational expert (VE) to testify to the erosion of the claimant's occupational base. See, e.g., Thompson v. Sullivan, 987 F.2d 1482, 1487, 1491 (10th Cir. 1993); Trimiar v. Sullivan, 966 F.2d 1326, 1332-33 (10th Cir. 1992). The ALJ in this case did not find that plaintiff was unable to perform the full range of sedentary work, and did not call a VE.

Therefore, we must review the merits of plaintiff's second issue. We first note that at step five, "the burden shifts to the [agency] to show that the claimant retains the residual functional capacity (RFC) to do other work that exists in the

national economy." Thompson, 987 F.2d at 1487 (citing Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991) and 42 U.S.C. § 423(d)(2)(A)). The ALJ's conclusive reliance on the grids implies a finding that plaintiff can perform the full range of sedentary work. See Thompson, 987 F.2d at 1488. This implied finding presents additional problems. Sedentary work primarily involves sitting, but also includes some standing and walking, and lifting up to ten pounds at a time. See id. (citing 20 C.F.R. § 404.1567(a)). "[P]eriods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." Soc. Sec. Rul. 83-10, 1983 WL 31251, at *5.

Plaintiff's treating physician, Dr. Hoffman, wrote that plaintiff is indefinitely disabled, but the ALJ rejected his opinion as conclusory and unsupported. The ALJ stated that another treating physician, Dr. Vemula, believed that plaintiff can perform sedentary work. See II Appellant's App. at 13. In fact, Dr. Vemula wrote that plaintiff "is able to engage in sedentary type of work and if he looses [sic] weight, he could be able to do regular work." Id. at 170. This statement is ambiguous, as Dr. Vemula did not explain what he meant by "regular" work as opposed to sedentary work. More importantly, there is nothing in Dr. Vemula's office notes that relates his conclusion that plaintiff can perform sedentary work to the regulatory definition of sedentary work.

Dr. Vemula's opinion therefore is conclusory and unsupported, and does not constitute substantial evidence to support the ALJ's finding that plaintiff can perform sedentary work.

The ALJ also relied on the supposed opinion of Dr. Clark, a consultative examiner, that plaintiff is not limited in his ability to sit. The ALJ's statement both contradicts and mischaracterizes Dr. Clark's opinion, however. Dr. Clark filled out a two-page form specifically related to RFC. See II Appellant's App. at 134-35. He indicated by checkmarks that plaintiff's impairment affects his capacity for lifting/carrying, standing/walking, and sitting, but did not further explain how much weight plaintiff can lift or carry, how far and how long he can stand or walk, or how long he can sit. See id. Dr. Clark made a note that his assessment was based on "no objective findings; [patient] spends all time sitting or lying down." Id. at 134. He did not conclude that plaintiff can perform sedentary work--or any work at all--and his opinion suggests that plaintiff may not be able to perform sedentary jobs that require some lifting/carrying or standing/walking. That is, Dr. Clark's opinion indicates that plaintiff cannot perform the full range of sedentary work, and that the ALJ should have called a vocational expert. See Trimiar, 966 F.2d at 1333.

It appears that there is an absence of substantial evidence from which the ALJ could draw a conclusion. However, "[t]he absence of evidence is not

evidence." See Thompson, 987 F.2d at 1491. The ALJ has a duty to fully develop the record even when the claimant is represented by an attorney, as in this case. See Id. at 1492. The ALJ also has considerable discretion to obtain additional evidence that may already exist or to procure additional consultative examinations to resolve conflicts in existing record evidence. See Hawkins v. Chater, 113 F.3d 1162, 1166-67 & n.5 (10th Cir. 1997). Nevertheless, the ALJ appears to have made no attempt to acquire more evidence from any physician in order to clarify the existing opinions about plaintiff's limitations and ability (or inability) to work. Rather, it appears that the ALJ simply chose the treating physician's opinion that he favored, even though Dr. Vemula's opinion is just as conclusory and unsupported as Dr. Hoffman's. Cf. Switzer v. Heckler, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[T]he [ALJ]'s attempt to use only the portions [of a doctor's report] favorable to [his] position, while ignoring other parts, is improper."); see also Smith v. Bowen, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) (stating ALJ may not pick and choose evidence to support his conclusion).

In addition, the ALJ found that plaintiff's multiple impairments were severe at step two, but insignificant at step five. He did not explain how he arrived at that conclusion in any more detail than that he did not believe plaintiff. The only nonexertional limitation the ALJ mentioned specifically was pain. Plaintiff's morbid obesity and hypertension are documented, however. "Obesity is . . . a

nonexertional impairment which might significantly restrict a claimant's ability to perform the full range of sedentary work." Lucy v. Chater, 113 F.3d 905, 909 (8th Cir. 1997). Plaintiff testified that he becomes short of breath and has difficulty walking due to his weight. See II Appellant's App. at 202. Hypertension is also a significant nonexertional impairment. See Evans v. Chater, 84 F.3d 1054, 1056 (8th Cir. 1996). Diastolic readings persistently above 100 mm. Hg. satisfy the listing for obesity. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 9.09. Although plaintiff clearly does not meet the listing in this case (his step three issue is discussed in more detail below), he has several readings equal to 100 mm. Hg. in addition to his higher readings. See I Appellant's App. at 43-44.

In spite of plaintiff's documented nonexertional impairments, the ALJ's questions to plaintiff at the hearing were extremely cursory with respect to the physical requirements of working, plaintiff's ability to work, and the effect of plaintiff's nonexertional impairments on his activities.[1] In any case, plaintiff did not concede his ability to do the full range of sedentary work, and the ALJ's conclusion that he can is not supported by substantial evidence. If plaintiff cannot perform all the functions of sedentary work as it is defined by the regulations, then he cannot perform the full range of sedentary work, a vocational

---

[1]     An additional problem is that the court reporter could not hear some of the testimony. The result is that a significant portion of the hearing transcript is marked "inaudible."

expert should have been called, and the grids should not have been applied conclusively. See Thompson, 987 F.2d at 1487, 1491; Trimiar, 966 F.2d at 1332.

Plaintiff's assertion that the ALJ did not follow the treating physician rule ties in with the ALJ's analysis of plaintiff's nonexertional impairments. "An ALJ is required to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments . . . if 'it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.'" Bean v. Chater, 77 F.3d 1210, 1214 (10th Cir. 1995) (quoting Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994)). "To reject a treating physician's opinion requires 'specific, legitimate reasons.'" Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)). When the claimant has more than one treating physician, the ALJ should assess each treating physician's opinion using the same criteria.

There is no merit to plaintiff's contention that his impairments meet or equal the listing for obesity. He testified at his hearing that he was five feet, three inches tall and weighed 302 pounds at that time. See II Appellant's App. at 182-83. It is not disputed that the combination of plaintiff's height and weight satisfies the threshold requirement of the obesity listing, 20 C.F.R. pt. 404, subpt. P, app. 1, § 9.09. The question is whether plaintiff meets any of the other,

alternative requirements of the listing. He argues that his high blood pressure meets the requirement of § 9.09B, that is: "[h]ypertension with diastolic blood pressure in excess of 100 mm. Hg." He misreads the regulation, however, when he argues that readings where his diastolic pressure <u>equaled</u> 100 mm. Hg. should be considered. The diastolic pressure must <u>exceed</u> 100 mm. Hg. before a given reading falls within the listing. A review of the magistrate judge's summary of plaintiff's blood pressure readings, which plaintiff concedes is generally accurate, shows that his qualifying readings are simply too few to satisfy § 9.09B. <u>See</u> I Appellant's App. at 43-44. This is true even if the list is pared to a time frame as short as a year to match the basic time requirement for disability, as plaintiff argues. <u>See</u> <u>Id.</u> We therefore need not decide, as plaintiff urges us to do, how many qualifying readings it takes to demonstrate "persistently" high blood pressure under § 9.09B. Plaintiff's other, cursory arguments that his impairments meet or equal § 9.09 do not merit discussion. The ALJ did not err in concluding that plaintiff is not disabled under § 9.09.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED in part and REVERSED in part, and the case is

REMANDED with directions for the district court to remand to the agency for further proceedings in accordance with this order and judgment.

Entered for the Court


James E. Barrett
Senior Circuit Judge