# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2721

_____

| | | |
|---|---|---|
| Patricia A. McCall, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Kenneth S. Apfel, Commissioner, | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: March 16, 2001
Filed: March 23, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Patricia A. McCall appeals the District Court's[1] order affirming the Commissioner's denial of disability insurance benefits. In her November 1995 application, McCall alleged disability since October 1993 from pain, numbness and tingling, chronic bronchitis, diabetes, and obesity; in March 1996, she added depression, sleeping problems, and mood swings. Her insured status expired on

_____

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

December 31, 1994.  After a hearing, the administrative law judge (ALJ) found her not disabled based on the Medical-Vocational Guidelines (Guidelines).  Having carefully reviewed the record, see Hutton v. Apfel, 175 F.3d 651, 654 (8th Cir. 1999) (standard of review), we affirm.

Contrary to McCall's contention, the record does not show that her obesity diminished her ability to perform the full range of light work from the time of her alleged onset date to her date last insured (DLI).  See Lucy v. Chater, 113 F.3d 905, 908 (8th Cir. 1997) ("[The] ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines.").  We reject her suggestion that the ALJ should have adopted the August 1996 residual-functional-capacity findings of her then-treating physician, Dr. Hunt.  These findings were made almost two years after her DLI, and there was no indication that Dr. Hunt was opining as to McCall's pre-DLI status.  We also reject her assertion that the ALJ failed to consider her impairments in combination.  See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994) (disregarding plaintiff's conclusory statement that ALJ failed to consider combined effects of impairments where ALJ noted each impairment and concluded that impairments, alone or in combination, were not of listing-level severity).  Nothing else in McCall's brief persuades us that the ALJ's decision is not supported by substantial evidence.

Accordingly, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.