Mead v. SSA                     CV-04-139-JD   11/15/04

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Julie Mead

        v.                            Civil No. 04-139-JD
                                      Opinion No. 2004 DNH 161
Jo Anne B. Barnhart,
Commissioner, Social
Security Administration


                         O R D E R


     Julie Mead seeks review, pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3), of the Commissioner's decision denying her

application for Supplemental Security Income ("SSI") benefits.

Mead challenges the Administrative Law Judge's ("ALJ") findings

that she is able to return to her previous work and that there is

other work she can do.  Mead also argues that the case should be

remanded for consideration of the evidence submitted to the

Appeals Council.  The Commissioner moves to affirm the decision

denying the application.



                        Discussion

     The joint factual statement submitted by the parties

documents that Julie Mead has mental impairments which cause

learning disabilities, primarily as to reading and reasoning.

She also has been treated for a variety of physical ailments,

including carpal tunnel syndrome, shoulder and knee pain, and other orthopedic complaints. The ALJ found that she was limited to light work with an option allowing her to sit or stand at will, that she would have to avoid vibration, and that she could do only simple, repetitive tasks with no stressful production quotas or rate/pace requirements. The ALJ concluded, based on the vocational expert's hearing testimony, that Mead could return to her prior work as a cleaner and housekeeper or, alternatively, that jobs existed in the relevant economies that she could do.

Mead contends that because she stopped working as a cleaner or housekeeper more than fifteen years before she applied for SSI benefits, that job cannot be considered as prior work. See 20 C.F.R. § 416.965(a); Rivera-Torres v. Sec'y of Health & Human Serv., 837 F.2d 4, 7 (1st Cir. 1986); Lyons v. Barnhart, 2004 WL 202837, at *2 (D. Me. Jan. 30, 2004). The Commissioner responds that Mead testified she had done hotel cleaning throughout her life so that her prior work as a cleaner did not end more than fifteen years ago. Mead argues that any confusion in her testimony about when she worked as a cleaner should have been resolved by the ALJ so that no inference should be drawn against her.

Mead was represented by counsel at the hearing and bore the burden of proving that she could not return to her prior work.

2

See 20 C.F.R. § 416.920; Freeman v. Barnhart, 271 F.3d 606, 608 (1st Cir. 2001). Having failed to raise the issue of the fifteen-year limit before the ALJ, Mead may have waived it. See Mills v. Apfel, 244 F.3d 1, 8 (1st Cir. 2001). The vocational expert testified, however, that Mead could not return to any of her prior work based on a hypothetical question that included a sit/stand option.[1] Therefore, the ALJ's conclusion to the contrary was error.

The ALJ also considered the fifth step of the sequential analysis, where the Commissioner bears the burden to come "forward with evidence of specific jobs in the national economy that the applicant can still perform." Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001). The ALJ concluded that Mead could work as a surveillance system monitor, which is the only job the vocational expert found she could do with all of the limitations described by the ALJ and Mead's counsel.[2] Mead argues that the

---

[1]In his decision, the ALJ found as part of Mead's residual functional capacity that she required an option to sit or stand at will. He failed to include that limitation in his hypotheticals posed to the vocational expert at the hearing. When Mead's counsel included that limitation in his hypothetical, the vocational expert testified that all of Mead's prior work, including work as a cleaner, would be excluded.

[2]In response to Mead's counsel's hypothetical, which included the sit/stand option, the vocational expert testified that only the surveillance system monitor job would not be excluded.

vocational expert's opinion that she could work as a surveillance system monitor conflicts with the Dictionary of Occupational Titles ("DOT") description of that job.

The DOT describes the surveillance system monitor job as requiring reasoning and language, including reading and writing, at level 3. U.S. Dep't of Labor, Dictionary of Occupational Titles, 379.367-010 (rev. 4th ed. 1991). Level 3 requires a worker to be able to carry out written, oral, or diagrammatic instructions; to read safety rules; and to write reports and essays. The ALJ's residual functional capacity finding, however, limited Mead to jobs requiring only simple, repetitive tasks. The Commissioner contends that because the surveillance system monitor job has a specific vocational preparation ("SVP") level of 2, which includes unskilled work, the vocational expert's opinion does not conflict with the DOT.

Other courts have decided that, contrary to the Commissioner's argument here, the SVP level in a DOT listing, indicating unskilled work, does not address whether a job entails only simple, repetitive tasks. See, e.g., Lucy v. Chater, 113 F.3d 905, 909 (8th Cir. 1997); Cooper v. Barnhart, 2004 WL 2381515, at *4 (N.D. Okla. Oct. 15, 2004); Hall v. Barnhart, 2004 WL 1896969, at *3 (D. Me. Aug. 25, 2004). Instead, the General Educational Development ("GED") requirements in the DOT listing

4

are more pertinent to determining the complexity of the job, and a "GED" reasoning level of 2, or higher, assumes that the applicant is capable of more than simple or repetitive tasks. See, e.g., Lucy, 113 F.3d at 909; Cooper, 2004 WL 2381515, at *4; Hall, 2004 WL 1896969, at *2-3. Because the job of surveillance system monitor requires GED reasoning at level 3 and language at level 3, it appears that the vocational expert's opinion that the job required only simple, repetitive tasks conflicts with the DOT listing.

Social Security Ruling 00-4p provides:

When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will: Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

Courts are divided as to the import of SSR 00-4p. The Seventh Circuit has limited its effect, putting the burden on the applicant's counsel to raise an issue as to a conflict. Donahue v. Barnhart, 279 F.3d 441, 446 (7th Cir. 2002). The Third Circuit interprets SSR 00-4p more broadly, imposing an affirmative duty on the ALJ to ask a vocational expert if a conflict exists between his opinion and the DOT as a prerequisite

5

to relying on the opinion.  Boone v. Barnhart, 353 F.3d 203, 208 n.14 (3d Cir. 2004).  Courts in this circuit, like the Third Circuit, have interpreted SSR 00-4p as requiring the ALJ to ask if a conflict exists and to explain an apparent conflict.  See, e.g., Wilcox v. Barnhart, 2004 WL 1733447, *5 (D.N.H. July 28, 2004); Slovak v. Barnhart, 2003 WL 21246049, *7 (D.N.H. May 29, 2003).

The ALJ in this case did not ask the vocational expert whether his opinions conflicted with the DOT descriptions of the jobs he suggested, and Mead's counsel did not raise the issue in the administrative proceeding.  The ALJ did not address the issue of a conflict in his decision.  The cases that interpret SSR 00-4p as imposing an affirmative duty on the ALJ to inquire about the possibility of a conflict and to explain a conflict that is apparent or identified are persuasive.  In this case, the ALJ failed to inquire about a conflict between the vocational expert's opinion and the DOT.  His omission is not harmless because an unexplained conflict appears to exist.

The ALJ's failure to inquire about and explain the apparent conflict between the requirement in his hypothetical that jobs be limited to simple, repetitious tasks and the DOT description of the surveillance system monitor job precludes reliance on the vocational expert's opinion that Mead could do that job.  See

6

<u>Hall-Grover v. Barnhart</u>, 2004 WL 1519183, at *4 (D. Me. Apr. 30, 2004). Therefore, the Commissioner's decision is reversed, and the case is remanded for further administrative proceedings.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to reverse and remand (document no. 7) is granted. The Commissioner's motion to affirm (document no. 10) is denied.

The decision of the Commissioner is reversed, and the case is remanded for further administrative proceedings. As this is a sentence four remand, the clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 15, 2004

cc: Raymond J. Kelly, Esquire
David L. Broderick, Esquire

7